IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRIME INTERSTATE TRUCKING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| TRISURA SPECIALTY INSURANCE ) | |
| COMPANY, RESOLUTE ) | |
| PARTNERS, INC., ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL OF STATE COURT ACTION TO THE UNITED STATES DISTRICT COURT

Defendant TRISURA SPECIALTY INSURANCE COMPANY, by and through its attorneys, HENNESSY & ROACH, P.C., hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the cause of action now pending in the Circuit Court of Lake County, State of Illinois, Case No. 2024MR00000524, as provided by 28 U.S.C. § 1441. This Court has subject matter jurisdiction over this matter based on diversity of citizenship of the parties. 28 U.S.C. § 1332(a)(1). As grounds for this removal, Defendant states as follows:

### BACKGROUND

1. On or about May 14, 2024, Plaintiff, PRIME INTERSTATE TRUCKING, LLC (hereinafter "Prime" or "Plaintiff"), attempted to obtain insurance coverage for four (4) of its semi-trucks and four (4) of its drivers. In its attempt to obtain insurance coverage, Prime contracted with RESOLUTE PARTNERS, INC. (hereinafter "RP"), an insurance broker. Through RP's brokerage, TRISURA SPECIALTY INSURANCE COMPANY (hereinafter "Trisura" or "Defendant") issued an insurance policy covering these four (4) vehicles and (4) drivers for the period of May 15, 2024 to May 15, 2025. On May 20, 2024, Plaintiff allegedly contacted RP to add

1

an additional two (2) vehicles, one of which was the subject Kenworth T680, and two (2) additional drivers. On May 31, 2024 Plaintiff allegedly contacted RP to request that one of the drivers on the Trisura insurance policy be replaced with a new driver, Farhan Ismail. On June 5, 2024, Trisura executed an endorsement reflecting the addition of Mr. Ismail to the policy. Unbeknownst to this Defendant, on June 4, 2024, Mr. Ismail had been involved in an incident with the Kenworth truck which resulted in the total destruction of the vehicle. At the time of the destruction of the vehicle on June 4, 2024, Mr. Ismail was not covered by the policy via the endorsement. Due to the destruction of the vehicle pre-dating the endorsement, Defendant denied the claim which had been submitted by Plaintiff on the same day the endorsement was executed.

2. On December 3, 2024, this action was commenced against the Defendant in the Circuit Court of Lake County, State of Illinois, Case Number 2024 MR 00000524. The Complaint in this action against Defendant alleges a claim Declaratory Judgment, Section 155 Damages, and Promissory Estoppel. A copy of the Summons and Complaint is attached hereto as *Exhibit A*.

3. Defendant denies any liability to Plaintiff whatsoever, under any theory and in any amount. Solely for purposes of this Notice of removal, Defendant relies on Plaintiff's allegations as set forth in the Complaint, to satisfy the requirements of removal under 28 U.S.C. § 1332, 1441 and 1446.

## BASIS FOR REMOVAL

I. **Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

4. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

### a. There is Complete Diversity of Citizenship Among the Parties

5. This action involves citizens of different states. At the time of commencement of this action in the Circuit Court of Lake County, State of Illinois, and since that time, Plaintiff was a citizen and resident of the County of Lake, State of Illinois. *Exhibit A*, ¶ 1.

6. At the time of the commencement of this action in the Circuit Court of Lake County, State of Illinois, and since that time, this Defendant is a corporation, incorporated in the State of Oklahoma under the laws of the State of Oklahoma, with its principal place of business in the State of Oklahoma. *See* Declaration of William B Stanford IV, attached hereto as Exhibit B; and Par. 2, *Exhibit A*. For removal purposes, this Defendant is deemed to be a citizen of the State of Oklahoma. *See* 28 U.S.C. § 1332(c)(1).

7. At the time of the commencement of this action in the Circuit Court of Lake County, State of Illinois, and since that time, Defendant Resolute Partners, Inc., is a liability insurance brokage firm. RP is incorporated under the laws of the State of Iowa and has its principal place of business in the State of Iowa. See Par. 3, Exhibit A. For removal purposes, this RP is deemed to be a citizen of the State of Iowa. *See* 28 U.S.C. § 1332(c)(1).

### b. The Amount in Controversy Requirement of 28 U.S.C. 1332 is Satisfied

8. Plaintiff's Complaint alleges that the insurance policy issued by Trisura provided insurance coverage to Plaintiff for physical damage caused by fire, lightning or explosion, and provided insurance coverage for towing. See, Par. 13, Exhibit A. Plaintiff's Complaint alleges that Plaintiff was charged $30,645.50 for the towing of the damaged Kenworth truck (Par. 21, Exhibit A), and that the "destroyed Kenworth Truck" has a value of more than $50,000.00 (Par. 22, Exhibit A). In addition, Plaintiff seeks statutory damages and attorneys fees under 215 ILCS 5/155 (Count II, Exhibit A), prejudgment interest (Count III, Count IV and Count V, Exhibit A), Thus, Plaintiff has placed in controversy in the Complaint, an amount in excess of $80,000.00, exclusive of statutory damages,

attorneys fees, interest and costs.

9. The amount in controversy, is in excess of the $75,000.00, amount in controversy requirement of 28 U.S.C. § 1332(a).

10. This Court therefore has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

**II.     Defendant has Satisfied the Procedural Requirements for Removal**

11. On December 3, 2024, Plaintiff filed its Complaint at Law. *Exhibit A*.

12. This Defendant is filing this Notice of Removal in order to remove this cause to this Court, within the time permitted under 28 U.S.C. 1446(b).

13. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, i.e., the Circuit Court of Lake County, Illinois, is located in the Northern District of Illinois, Eastern Division. See 28 U.S.C. § 1441(a), 1446(a); and 28 U.S.C. § 93(a)(1).

14. A search of the Lake County online court portal for Case No. 2024MR00000524 does not indicate that Co-Defendant RESOLUTE PARTNERS, INC., has been served, and no counsel has filed an Appearance for said Co-Defendant. Thus, under 28 U.S.C. 1446(b)(2)(A), said Co-Defendant need not join in or consent to the removal of this action at this time.

15. As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in this case are attached as *Exhibit A*, and *Exhibit C*, filed with this Notice of Removal.

16. Defendant will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. Section 1446(d).

17. A copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Lake County, State of Illinois, Law Division, as required by 28 U.S.C. Section 1446(d).

### III. Conclusion

18. Defendant reserves its right to amend or supplement this Notice of Removal.

WHEREFORE Defendant TRISURA INSURANCE COMPANY requests that this action proceed in this Court as an action properly removed to it.

Respectfully Submitted
this 2nd day of January, 2025.

/s/ Nick Papastratakos

Nick Papastratakos
HENNESSY & ROACH, P.C.,
70 W. Madison Street, Suite 1100
Chicago, IL  60602
(312) 346-5310
ARDC# 6194210